| | |
|---|---|
| JAYSON GRAMMAR, JR. | NO. 22-CA-61 |
| VERSUS | FIFTH CIRCUIT |
| IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 812-982, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

November 16, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**

**JJM**
**RAC**
**SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS
Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JAYSON GRAMMAR, JR.
    Brian G. Shearman
    John H. Denenea, Jr.
    Brandon P. Shearman

COUNSEL FOR DEFENDANT/APPELLEE,
IMPERIAL FIRE & CASUALTY INSURANCE COMPANY
    Christopher P. Lawler

**MOLAISON, J.**

Appellant, Jayson Grammar, Jr., appeals the trial court judgment dated November 2, 2021[1], awarding him a total of $21,268.00, subject to a credit for amounts previously paid by the liability insurer, in a suit against his underinsured/uninsured motorist insurer for injuries he sustained in an automobile accident. For the reasons that follow, we affirm.

## FACTS

At trial, Mr. Grammar testified that on April 12, 2019, he was in the left turning lane when his vehicle was struck by a vehicle driven by Stephen Bekowski. He had hip and back pain after the accident so he sought chiropractic treatment from Dr. Kristie Giardina on May 2, 2019. He remained under Dr. Giardina's care for "a few months." Appellant testified that he continued to have pain and his attorney referred him to Dr. Rodriguez, an orthopedic surgeon. Dr. Rodriguez gave him a prescription for medications and recommended that he have "eight shots put into [his] spine." Based on his past experience with steroid injections for plantar fasciitis and reading information on the internet, Mr. Grammar elected not to have the injections recommended by Dr. Rodriguez. He had one follow up visit at Dr. Rodriguez' office on October 29, 2019.

Mr. Grammar testified that at the time of trial, he continued to experience pain which he treated with heat, ice, over the counter medications, and anti-inflammatory medication prescribed by his primary care physician. On cross-examination, Mr. Grammar admitted he had been treated for complaints of back pain in the past and had taken anti-inflammatory medication as far back as 2016. He was prescribed anti-inflammatory medication shortly before this accident.

---

[1] The November 2, 2021 judgment was amended by order of this Court on October 17, 2022 to include the necessary decretal language in accordance with C.C.P. art. 1918. The October 17, 2022 judgment was clarified by order of this Court on October 31, 2022.

Mr. Grammar testified that he works as an electrician in a warehouse. At times he had to miss work for medical treatment and because he was in pain. Based on his memory, using records from his employer, which do not delineate whether he was absent from work due to vacation or other reasons, he prepared a list of dates and hours that he missed work due to this accident. Upon questioning by the trial judge, appellant stated that some of the dates on the list he prepared of lost time from work did not correspond to his medical appointments. Appellant recalled some occasions when he had to call his boss to tell him he could not work because he was in pain. When questioned as to how he knew he missed work because of this accident, he responded "I chose the dates that [I] felt that I knew or very close to knowing that I had missed work for that." He admitted that he was never told by any of his medical providers that he should not work.

Portions of appellant's medical records were admitted into evidence. In a report dated May 29, 2019, Dr. Giardina stated that she first examined appellant on May 2, 2019 and diagnosed him with cervical and lumbar sprains and thoracic pain. Twice weekly visits to the chiropractic clinic for eight weeks were recommended with an evaluation after the fifteenth visit. Home exercises were prescribed and Mr. Grammar was instructed to take frequent breaks from standing, bending, lifting and, physical exercise. Dr. Giardina recommended that Mr. Grammar undergo an MRI of both the cervical and lumbar spine. The MRI report dated June 5, 2019 states there is a disc protrusion at C3-4, a disc bulge at C4-5, and a disc herniation at L5-S1.

On July 1, 2019, Mr. Grammar was examined by Dr. Marco Rodriguez, who diagnosed cervical, thoracic, and lumbar facet syndrome, cervical herniated disc, and lumbar herniated nucleus pulposus. Dr. Rodriguez prescribed the anti-inflammatory medication Mobic, and a muscle relaxant. He recommended facet joint injections in both the cervical and lumbar spine and a follow up visit in eight

weeks. On October 29, 2019, Mr. Grammar returned to Dr. Rodriguez' office where he was examined by a physician's assistant. Prescriptions for the anti-inflammatory medication Mobic, a muscle relaxant, and pain medication were given. Facet joint injections were again recommended. Mr. Grammar did not undergo the facet joint injections.

## PROCEDURAL HISTORY

On December 10, 2020, appellant filed suit against his uninsured/underinsured motorist insurer, Imperial Fire and Casualty Company, appellee herein. He alleged that he sustained injuries to his "body as a whole" and had settled with Mr. Bekowski's liability insurer for the $15,000.00 policy limit on August 28, 2019. The petition alleged that appellee had acted in bad faith in handling the claim, entitling him to penalties and attorney fees. The matter proceeded to trial and at the conclusion of trial, judgment was rendered in favor of appellant in the amount of $21,268.00 plus costs and interest from the date of judicial demand, subject to a credit for amounts previously tendered. This timely appeal followed.

## LAW AND DISCUSSION

In his first assignment of error, appellant argues that the trial court erred in granting only $12,000.00 in general damages, claiming he sustained a "herniation at L5-S1, a herniation at C3-4 and a bulge at C4-5." He contends that with the exception of a minor neck injury approximately 20 years ago, he had never been treated for a neck or back injury and had never undergone an MRI on his spine.

General damages are those which may not be fixed with pecuniary exactitude; instead, they "involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." Buckheister v. U.S. Environmental Services, LLC, 11-1148 (La. App. 5 Cir.

5/31/12), 97 So.3d 414, 421, writ denied, 12-1462 (La. 10/8/12), 98 So.3d 861(internal citations omitted). Vast discretion is accorded the trier of fact in fixing general damage awards. La. C.C. art. 2324.1.  This vast discretion is such that an appellate court should rarely disturb an award of general damages.  Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).  Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact.  Buckheister, supra at 422, citing Youn, supra, at 1260.

In reviewing a trial court's findings of fact, appellate courts employ a "manifest error" or "clearly wrong" standard of review.  Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989); Arabie v. CITGO Petroleum, 10-2605 (La. 3/13/12), 89 So.3d 307, 312.  In the absence of manifest error, an appellate court may not set aside a trier of fact's findings.  Rosell, supra.  When there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous.  Rosell, supra; Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La. 1993).

Where there is conflict in the evidence, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon appellate review. Hunter v. Terrebone, 18-134 (La. App. 5 Cir. 12/27/18), 263 So.3d 993, 998, writ denied, 19-144 (La. 3/18/19), 267 So.3d 90.

In the case before us, the chiropractic report dated May 29, 2019 states: "…more probable than not that the current condition is a result of the accident which occurred on April 12, 2019."  The report from Dr. Rodriguez dated July 1, 2019 states: "This patient's diagnoses are directly related to the motor vehicle accident on the above stated date."  On appeal, Mr. Grammar contends that with the exception of "a minor neck injury approximately 20 years ago," he has never

been treated for neck or back injury. The appellate record does not contain any medical records prior to May 2, 2019. However, on cross-examination, Mr. Grammar admitted that he had been treated for "back pain" and "muscle pain" prior to this accident. He testified that he had not been treated with the anti-inflammatory drug, Mobic, prior to this accident. However, he admitted that anti-inflammatory medication, including Mobic, had been prescribed for him as far back as 2016. In fact, he had been prescribed Mobic by his primary care physician approximately 12 days prior to this accident. He had a TENS unit prior to the accident but claimed he had not used it before the accident. The chiropractic records indicate that sixteen treatment sessions were prescribed but Mr. Grammar testified that he visited the chiropractor ten times in May and three times in June. He returned for two sporadic visits on October 30, 2019 and November 20, 2019. The records indicate that Mr. Grammar visited the orthopedist one time on July 1, 2019 and did not return until October 29, 2019. Further, Mr. Grammar explained that he regularly visits his primary care physician for "high blood pressure and cholesterol." He admitted that the medical records from the visit with his primary care physician in November of 2020 indicate that he was "feeling well," taking medication for "stress," and indicates "negative for arthralgia, joint swelling and myalgia." When confronted with his deposition testimony that he could no longer work out following this accident, appellant admitted that the records from his gym membership at the YMCA indicate that he was not going to this gym before the accident. Mr. Grammar testified that he was involved in one automobile accident previously when he was seventeen years old, however, on cross-examination he admitted that he was actually involved in other automobile accidents: one in 1999, one in 2001, one in 2012, in addition to a trip and fall in which his teeth "went through the lip area."

In reasons for judgment, the trial judge found Mr. Grammar's "testimony regarding the severity and consistency of his pain is belied by his sparse medical treatment," noting that Mr. Grammar treated at the chiropractor consistently in May, three times in June, and by July 2019 had "largely discontinued treatment." The trial judge noted that Mr. Grammar returned to the orthopedist for one follow up visit and declined the recommendation for facet injections. The trial judge found that Mr. Grammar would be "fully and fairly" compensated by a general damage award of $12,000.00. In reviewing an award of general damages, the inquiry is whether the trier of fact abused its discretion in assessing the amount of damages. Howard v. Union Carbide Corporation, 09-2750 (La. 10/19/10), 50 So.3d 1251, 1256. Having considered the appellate record in its entirety, we find that in awarding general damages, the trial court did not abuse its vast discretion and that the general damage award is not manifestly erroneous or clearly wrong, but reflects the trial court's reasonable credibility determination and interpretations of the evidence.

In his second assignment of error, appellant contends the trial court erred in failing to award damages for future medical expenses.

Future medical expenses must be established with some degree of certainty. Gaspard v. Southern Farm Bureau Cas. Ins. Co., 13-0800 (La. App. 1 Cir. 9/24/14), 155 So.3d 24, 35. The party seeking an award of future medical expenses has the burden of proving that it is more probable than not that such expenses will be incurred. Antill v. State Farm Mut. Ins. Co. 20-131 (La. App. 5 Cir. 12/2/20), 308 So.3d 388, 407.

The record before us indicates that although Mr. Grammar's treating physician recommended facet joint injections, in the three years between the accident and the trial, Mr. Grammar had not undergone any such injections. In fact, Mr. Grammar testified that he had not had the recommended injections

because prior steroid shots for plantar fasciitis had not helped him and he had done his "own research about injections." There was no testimony that Mr. Grammar intended to undergo the facet joint injections in the future. Considering the absence of proof that it is more probable than not that Mr. Grammar would undergo the facet joint injections, the trial court did not err in failing to award future medical expenses.

In his third assignment of error, Mr. Grammar argues that the trial court erred in failing to award past lost wages.

A plaintiff seeking damages for past lost wages bears the burden of proving lost earnings, as well as the duration of time missed from work due to the accident. Hunter v. Terrebone, 18-134 (La. App. 5 Cir. 12/27/18), 263 So.3d 993, 999, writ denied, 19-0144 (La. 3/18/19), 267 So. 3d 90. For purposes of determining damages, the amount of lost earnings need not be proved with mathematical certainty, but by such proof as reasonably establishes the claim, and such proof may consist only of the plaintiff's own testimony. Driscoll v. Stacker, 04-589 (La. 1/19/05), 893 So.2d 32, 53. A trial court's award for lost wages is subject to the manifest error standard of review. Harrington v. Wilson, 08-544 (La. App. 5 Cir. 1/13/09), 8 So.3d 30, 41.

When the trial judge questioned Mr. Grammar about the list of time he missed from work due to this accident, she asked whether the list was approximate or accurate. Mr. Grammar responded that it was accurate, stating that his employer does not "have forms for every day that I was actually off." The trial judge then asked "if you were off May 23rd and 24th, that's because you were in too much pain to go to work?" After appellant responded affirmatively, the trial judge asked how he recalled that, to which appellant responded he remembered "some days where [he] just called '[his] boss" and said "I can't do it." Appellant elaborated that he would try to go in and some days he "couldn't do it" and would leave work early.

The trial judge noted that it does not appear that any of the dates on the list prepared by Mr. Grammar correspond with the chiropractor appointments and asked appellant what time he visited the chiropractor. Mr. Grammar responded that he went to the chiropractor between two and four. The trial court then asked if this meant he went to the chiropractor after work hours and Mr. Grammar responded affirmatively. The trial judge then asked "How do you know on August 1, 2019, you didn't go to work because of this accident?" to which Mr. Grammar responded "I don't know exactly." The trial judge then asked "So you don't know August 1st whether you had a dentist appointment or you were in pain?" and Mr. Grammar responded, "That is correct." Appellant admitted that he was not told by any physician that he could not work after this accident.

In declining to award appellant any amount for lost wages, the trial judge stated that the "estimate introduced by Mr. Grammar is too speculative upon which to base an award." We agree. Having reviewed the record in its entirety, we find no proof to reasonably establish appellant's claim for lost wages.

Finally, appellant requests that in the event he prevails in reversing the trial court's judgment, this court remand this matter to the trial court to consider the issue of penalties for appellee's failure to pay amounts owed under the policy. Given our finding that the trial court did not abuse its discretion in the general damage award and the denial of appellant's claims for future medical expenses and past lost wages, we find no support in the appellate record that the appellee acted in bad faith in handling appellant's claim. Accordingly, remand is not appropriate.

## CONCLUSION

For the foregoing reasons, the November 2, 2021 judgment of the trial court, as amended, in favor of the plaintiff/appellant, Jayson Grammar, Jr., and against the defendant/appellee, Imperial Fire and Casualty Insurance Company, in the

amount of Six Thousand, Two Hundred, Sixty-Eight and 00/100 DOLLARS ($6,268.00) is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 16, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-61

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
BRIAN G. SHEARMAN (APPELLANT)      JOHN H. DENENEA, JR. (APPELLANT)      CHRISTOPHER P. LAWLER (APPELLEE)

**MAILED**
BRANDON P. SHEARMAN (APPELLANT)      PETER M. DONOVAN (APPELLEE)
ATTORNEY AT LAW                      ROSS M. REBOUL (APPELLEE)
4240 CANAL STREET                    ATTORNEYS AT LAW
2ND FLOOR                            4640 RYE STREET
NEW ORLEANS, LA 70119                SUITE 100
                                     METAIRIE, LA 70006